JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
ANDREW J. SCHULTZ (Cal. Bar # 237231)
NATALIE NARDECCHIA (Cal. Bar # 246486)
BENJAMIN R. BOTTS (Cal. Bar #274542)
Trial Attorneys
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7767
Facsimile: (415) 625-7772
Email:  Botts.Benjamin.R@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **NATIONAL CONSOLIDATED COURIERS, INC.**, a corporation; **TANWEER AHMED**, individually and as managing agent of National Consolidated Couriers, Inc.; **IRONSTONE NCCI LOGISTICS**, a corporation; and **AMIRA KHALAF**, individually and as managing agent of Ironstone NCCI Logistics, <br><br> Defendants. | Case No.:  3:15-cv-3224 <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, the Secretary seeks to enjoin Defendants National Consolidated Couriers Inc. ("NCCI"), Tanweer Ahmed, individually and as managing agent of NCCI, Ironstone NCCI Logistics ("NCCI Logistics"), and Amira Khalaf, individually and as managing agent of NCCI Logistics (collectively, "Defendants") from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), pursuant to section 17 of the FLSA, 29 U.S.C. § 217; and to recover the unpaid minimum wage and overtime compensation owing to NCCI employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## PARTIES

2. Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

3. Defendant NCCI is a corporation organized and existing under the laws of Nevada with its principal place of business in San Leandro, California. It maintains its office headquarters in San Leandro, California and has branches in other cities, including Sacramento and San Jose.

4. Defendant NCCI Logistics is a corporation organized and existing under the laws of California with its principal place of business in San Leandro, California. It maintains its office headquarters in San Leandro, California and has branches in other cities, including Sacramento and San Jose.

5. Defendant Ahmed is an individual who owns, operates, and controls NCCI. At all times material, he has been acting directly or indirectly in the interests of Defendant NCCI in relation to the employees of NCCI.

6. Defendant Khalaf is an individual who owns, operates, and controls NCCI Logistics. At all times material, she has been acting directly or indirectly in the interests of Defendant NCCI Logistics in relation to the employees of NCCI Logistics.

## JURISDICTION

7. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

## VENUE

8. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in San Leandro, Alameda County, California.

## INTRADISTRICT ASSIGNMENT

9. Assignment of this action to the San Francisco or Oakland Divisions of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to his claim occurred in Alameda County.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Defendant Ahmed has operated NCCI, a courier business with a number of locations in California. A significant portion of its business involves contracts with banks, delivering sensitive material between banks and other financial centers as required under relevant banking laws. The business has been in operation in this form since at least April of 2010. Defendant Ahmed is an employer within the meaning of the FLSA because he directly or through subordinates, sets the wages, hours and working conditions of the employees who carry out the business of NCCI.

11. Defendants Ahmed and NCCI have employed drivers engaged in their courier businesses, transporting and/or delivering goods to and from NCCI's customers' locations throughout California. These drivers were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

12. Defendant Khalaf operates, and has operated NCCI Logistics, a courier business with a number of locations in California. A significant portion of its business involves contracts with banks, delivering sensitive material between banks and other financial centers as required under relevant banking laws. This business has been in operation in this form since February of 2015. Defendant Khalaf is an employer within the meaning of the FLSA because she directly or through subordinates,

sets the wages, hours and working conditions of the employees who carry out the business of NCCI Logistics.

13. Defendants Khalaf and NCCI Logistics employ and have employed drivers who are or were engaged in their courier businesses, transporting and/or delivering goods to and from NCCI Logistics' customers' locations throughout California. These drivers were and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

14. At all relevant times, NCCI was engaged in related activities performed through unified operation or common control for a common business purpose, and was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. NCCI Logistics has, since February of 2015, been engaged in related activities performed through unified operation or common control for a common business purpose, and has been and currently is an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, NCCI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A); in that it had employees engaged in commerce or the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by any person, and was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

17. NCCI Logistics has, since February of 2015, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A); in that it has employees who were and are engaged in commerce or the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by any person, and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

18. Defendants NCCI and Ahmed have classified their drivers who transported and/or delivered goods to and from NCCI and NCCI's customers' locations as "independent contractors" since at least April of 2010.

19. The drivers who work for NCCI and NCCI Logistics are integral and indispensable to Defendants' respective courier businesses.

20. As a matter of economic reality, the drivers for NCCI were economically dependent on NCCI. Since February of 2015, as a matter of economic reality, the drivers for NCCI Logistics were economically dependent on NCCI Logistics.

**FIRST CAUSE OF ACTION**
**(Violation of Minimum Wage Provisions of the FLSA)**

21. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 20 of the Complaint.

22. Drivers who work or have worked for NCCI and/or NCCI Logistics are employees entitled to the protection of the FLSA.

23. Defendants are employers required to comply with the FLSA.

24. During the period since April of 2010, Defendants Ahmed and NCCI have violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying many of their drivers in California wages at rates less than $7.25 per hour worked in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, as aforesaid.

25. During the period since February of 2015, Defendants Khalaf and NCCI Logistics have violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying many of their drivers in California wages at rates less than $7.25 per hour worked in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, as aforesaid.

**SECOND CAUSE OF ACTION**
**(Violation of Overtime Provisions of the FLSA)**

26. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 25 of the Complaint.

27. During the period since April of 2010, Defendants Ahmed and NCCI have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by paying many of their drivers in California wages at less than one and one-half times the regular rate at which they were employed for hours worked in excess of forty hours per week in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, as aforesaid.

28. During the period since February of 2015, Defendants Khalaf and NCCI Logistics have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by paying many of their drivers in California wages at less than one and one-half times the regular rate at which they were employed for hours worked in excess of forty hours per week in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, as aforesaid.

**THIRD CAUSE OF ACTION**
**(Violation of Recordkeeping Provisions of the FLSA)**

29. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 28 of the Complaint.

30. During the period since April of 2010, Defendants Ahmed and NCCI have violated the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 CFR § 516.

31. During the period since February of 2015, Defendants Khalaf and NCCI Logistics have violated the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the

wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 CFR § 516.

**FOURTH CAUSE OF ACTION**
**(Retaliatory Interference under the FLSA)**

32.     The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 31 of the Complaint.

33.     Defendants Ahmed and NCCI have engaged in unlawful retaliation and interference with the Secretary's investigation into NCCI, and have willfully violated the provisions of section 11(a) and 15(a)(3) of the FLSA, 29 U.S.C. §§ 211(a) and 215(a)(3), in that they have retaliated against NCCI employees for having participated in the instant proceedings by *inter alia* talking to or providing information to the Secretary's representatives and/or by pursuing their rights under the FLSA. Defendants Ahmed and NCCI have further engaged in the willful destruction of evidence, thereby intentionally interfering with the Secretary's investigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a)     For an Order pursuant to section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successors, parties-in-interest, and those persons in active concert or participation with them from prospectively violating the minimum wage, overtime, recordkeeping, investigation and anti-retaliation provisions of the FLSA;

(b)     For an Order

(1)     pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants Ahmed and NCCI liable for unpaid minimum wage and overtime compensation due NCCI employees and former employees who worked in California, and for liquidated damages equal in amount to the unpaid compensation found due the employees who will be listed in Exhibit A, which will be filed forthwith as a supplemental filing, (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint, and thus not listed on Exhibit A); or in the event liquidated damages are not awarded;

      (2)    pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants Ahmed and NCCI, their officers, agents, servants, employees, successors, parties-in-interest, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found to be due Defendants' employees and pre-judgment interest at an appropriate interest rate; and

      (c)    For an Order granting such other and further relief as may be necessary or appropriate.

Dated: July 10, 2015                  Respectfully submitted,

                                      M. PATRICIA SMITH
                                      Solicitor of Labor

                                      JANET M. HEROLD
                                      Regional Solicitor

                                      SUSAN SELETSKY
                                      Counsel for FLSA

                                      By: */s/ Natalie Nardecchia*
                                      NATALIE NARDECCHIA
                                      ANDREW J. SCHULTZ
                                      BENJAMIN R. BOTTS
                                      Trial Attorneys

                                      US DEPARTMENT OF LABOR
                                      Attorneys for the Plaintiff