JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
ANDREW J. SCHULTZ (Cal. Bar # 237231)
NATALIE NARDECCHIA (Cal. Bar # 246486)
BENJAMIN R. BOTTS (Cal. Bar #274542)
Trial Attorneys
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7767
Facsimile: (415) 625-7772
Email: Botts.Benjamin.R@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL CONSOLIDATED COURIERS, INC., a corporation; TANWEER AHMED, individually and as managing agent of National Consolidated Couriers, Inc.; IRONSTONE NCCI LOGISTICS, a corporation; and AMIRA KHALAF, individually and as managing agent of Ironstone NCCI Logistics,<br><br>　　　　Defendants. | Case No.: 3:15-cv-03224<br><br>[PROPOSED] CONSENT JUDGMENT & ORDER |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants National Consolidated Couriers, Inc. ("NCCI"), Tanweer Ahmed, individually and as managing agent for Defendant NCCI, Ironstone NCCI Logistics ("NCCI Logistics"), and Amira Khalaf, individually and as managing agent for Defendant NCCI Logistics (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith.

## I. STATEMENT BY THE PARTIES:

A. The Secretary has concurrently filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211 and 215.

B. Defendants acknowledge receipt of a copy of the Secretary's Complaint and waive answer.

C. Defendants agree herein to voluntarily resolve all allegations of the Secretary's Complaint.

D. Defendants agree that this Court has jurisdiction over the parties and subject matter of this civil action and venue lies in the district court for the Northern District of California.

E. Defendants agree to the entry of this Consent Judgment without contest.

F. Defendants acknowledge that Defendants and any individual, agent, or entity acting on their behalf or at their direction (including but not limited to Tanweer Ahmed, Amira Khalaf, Sultan Bhatti, Shaheen Siddiqui, as well as Defendants' personnel at all of their facilities, including Ahmed Sajjad, Saran Singh, Robert Bonilla, Roy Washington, and Mario Sorto) have notice of, and understand, the provisions of this Consent Judgment.

G. Since at least April 5, 2010, Defendant NCCI has been a business engaged in providing courier services to clients in various industries throughout California and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. 203(s)(1)(A).

H. Since at least April 5, 2010, Defendant NCCI employed drivers who delivered and picked up packages and other goods for NCCI's customers, at NCCI's direction ("NCCI Drivers"). The Secretary found that NCCI Drivers wore an NCCI badge when making deliveries to NCCI's customers. The Secretary found that NCCI Drivers did not negotiate the rates paid by NCCI customers to NCCI. The Secretary found that the drivers were required to submit proofs of delivery and route manifests to NCCI every day, and that NCCI had the power to warn, retrain or otherwise discipline drivers for performance issues.

I. The Secretary found that NCCI Drivers are employees within the meaning of the FLSA and entitled to all of the provisions and safeguards guaranteed under the FLSA to employees, including the wage provisions and protections from retaliation and discrimination.

J. The Secretary found that NCCI Drivers and office staff are covered by the provisions of the FLSA because they are employees employed in an enterprise engaged in commerce or in handling or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of FLSA Section 3(s)(1), 29 U.S.C. § 203(s)(1).

K. The Secretary found that Defendant Ahmed has been the owner and President of Defendant NCCI, exercising operational and managerial control over the company and its drivers. The Secretary found that Defendant Ahmed is an employer of the NCCI Drivers within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d) in that he has acted directly or indirectly in the interests of NCCI in relation to its employees.

L. Defendant Ahmed represents that NCCI is no longer operating, it will not operate in the future either under the name of NCCI or any other name, and he has no ownership or other interest in NCCI Logistics.

M. Since February of 2015, Defendant NCCI Logistics has been a business engaged in providing courier services to clients in various industries throughout California and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. 203(s)(1)(A).

N. Defendant NCCI Logistics employs drivers who deliver and pick up packages and other goods for NCCI Logistics' customers, at NCCI Logistics' direction ("NCCI Logistics' Drivers"). Many of the company's current drivers previously worked for NCCI.

O. The Secretary found that NCCI Logistics Drivers are employees within the meaning of the FLSA and entitled to all of the provisions and safeguards guaranteed under the FLSA to employees, including the wage provisions and protections from retaliation and discrimination.

P. The Secretary found that NCCI Logistics' Drivers are covered by the provisions of the FLSA because they are employees employed in an enterprise engaged in commerce or handling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of FLSA Section 3(s)(1), 29 U.S.C. § 203(s)(1).

Q. Defendant Khalaf is the owner and president of NCCI Logistics. The Secretary found that Defendant Khalaf exercises operational and managerial control over NCCI Logistics and its drivers. The Secretary found that Defendant Khalaf is an employer of the NCCI Logistics Drivers within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

R. All Defendants agree that Drivers and all office staff, will be classified by NCCI Logistics and Khalaf as employees on a going-forward basis. This includes all Drivers who previously worked for NCCI and who currently are engaged by NCCI Logistics. NCCI Logistics and Khalaf will take steps immediately toward ensuring that all Drivers and office staff are classified as employees and will complete this process by no later than ninety (90) calendar days from the date of entry of this Consent Judgment.

S. The Secretary found that the provisions and safeguards guaranteed under the FLSA to employees, including but not limited to those found in Sections 6, 7, 11 and 15, apply to the NCCI and NCCI Logistics' employees covered by this Consent Judgment, including drivers and office personnel.

T. All Defendants understand and expressly acknowledge that demanding or accepting any of

the monies due to any employees under the terms of this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

U. All Defendants understand and expressly acknowledge that it is "unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding…" See 29 U.S.C. § 215(a)(3). Defendants understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee, including the Drivers, because he or she has participated in the instant proceedings by *inter alia* talking to or providing information to the Secretary's representatives or in any way pursuing his or her rights under the FLSA. Defendants further understand and expressly acknowledge that taking any retaliatory actions against any employee or person in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt. Defendant Ahmed understands and expressly acknowledges that any intentional or willful interference with the operations or contractual relationships of NCCI Logistics, with the effect of damaging or closing the business operations and impacting the jobs or working conditions of Drivers or other employees, may be construed as unlawful retaliation against the employees of NCCI Logistics.

Having considered the submissions made in connection with the proposed settlement, the representations, arguments, recommendation of counsel for the parties, and the requirements of law, the Court hereby makes the following findings of fact and conclusions of law in support of its Final Order and Judgment approving the Consent Judgment.

II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. The Secretary has concurrently filed a Complaint alleging that all Defendants violated provisions of Sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211, and 215.

B. All Defendants have received a copy of the Secretary's Complaint and waived answer to the Complaint.

C. This Court has jurisdiction over the parties and subject matter of this civil action, and venue lies in the district court for the Northern District of California.

D. All Defendants have agreed to the entry of this Consent Judgment without contest.

E. All Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to Tanweer Ahmed, Amira Khalaf aka Amira Enderiz, Sultan Bhatti, Shaheen Siddiqui, as well as Defendant's personnel at all of its facilities, including Ahmed Sajjad, Saran Singh, Robert Bonilla, Roy Washington, and Mario Sorto) have notice of, and understand, the provisions of this Consent Judgment.

F. Since at least April 5, 2010, Defendant NCCI has been a business engaged in providing courier services to clients in various industries throughout California and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s)(1).

G. Since February 2015, Defendant NCCI Logistics has been a business engaged in providing courier services to clients in various industries throughout California and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s)(1).

H. Since February of 2015, Defendants NCCI Logistics and Khalaf employed couriers or drivers who delivered and picked-up various goods for NCCI Logistics' customers, and at NCCI's direction ("NCCI Logistics Drivers").

I. Defendant Khalaf is the owner and president of NCCI Logistics.

J.  Demanding or accepting any of the monies due to any employees under the terms of this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

K.  Discharging, threatening to discharge, reducing a work schedule, or in any other manner discriminating against any employee as a result of this litigation or an employee's participation herein, is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

### III. JUDGMENT

Therefore, upon the agreement of the parties to this action,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, and their officers, agents, servants, employees, successor companies, parties in interest, and all persons in active concert or participation with them, including but not limited to Tanweer Ahmed, Amira Khalaf, Sultan Bhatti, Shaheen Siddiqui, Ahmed Sajjad, Saran Singh, Robert Bonilla, Roy Washington, and Mario Sorto are hereby permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to the FLSA, misclassify any employee as an independent contractor or otherwise as a non-employee, but shall treat and properly classify said individuals as employees who enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11, and 15 of the Act.

2. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

3. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their employees who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than one and one-half times the employees' regular rates for hours worked in excess of 40 hours in a workweek.

4. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

5. Defendants shall not, contrary to Section 11(a) and 15(a)(3) of the FLSA interfere with the Secretary's ability to investigate violations of the FLSA. Among other things, subject to legal and any other appropriate objections, Defendants shall promptly supply records requested by the Secretary for purposes of an investigation, shall not destroy any records relevant to an investigation and shall not intimidate or discourage any employee from cooperating with the Secretary's investigation or providing truthful information or records.

6. Defendants shall not, contrary to Section 15(a)(3) of the FLSA discharge, threaten to discharge, lay off, reduce the work schedule or wages, intimidate, or in any other manner discriminate against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation.

7. Defendants NCCI and Ahmed, jointly and severally, shall not withhold payment of **$2,500,000**, which constitutes the unpaid minimum wage and overtime compensation agreed to be due to the present and former NCCI employees who will be identified by name, periods of employment, and amounts owed in an Exhibit A, to be filed forthwith with the Court as a supplemental filing ("Backwage Calculation").

**FURTHER, PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216, in favor of the Secretary and against Defendants NCCI and Ahmed, jointly and severally, in the total amount of **$5,000,000**, which includes the unpaid minimum wage and overtime compensation referenced in paragraph 7 to the present and former NCCI employees who will be identified by name, periods of employment, and amounts owed in an Exhibit A, to be filed forthwith with the Court as a supplemental filing, and made a part hereof ("Backwage Calculation"), plus an additional equal amount of **$2,500,000** as statutorily authorized liquidated damages ("Liquidated Damages"), for a total of **$5,000,000**. Defendants NCCI and Ahmed shall make payments to the Wage Hour Division of the United States Department of Labor totaling **$5,000,000**, by delivering to Wage and Hour Division, United States Department of Labor, Attn: District Director Susana Blanco, 90 Seventh Street, Suite 12-100, San Francisco, California, 94103 the following:

    a.    By no later than forty-five (45) calendar days from the parties' June 9, 2015 settlement conference, or **July 24, 2015**, Defendants NCCI and Ahmed shall deliver a schedule containing: (1) the employer's name, employer identification number, employer addresses and telephone number; and (2) the names, last known home addresses, Social Security numbers, home telephone numbers, mobile telephone numbers, and gross amount of back wages for each employee listed in Exhibit A, which will be filed forthwith.

    b.    By no later than **July 24, 2015**, Defendants NCCI and Ahmed shall deliver a certified or cashier's check or money order, with the words "NCCI-LDs" written thereon, payable to the order of the "Wage & Hour Div., Labor," in the amount of $2,500,000, in payment of the liquidated damages agreed to be due under this Judgment.

    c.    By no later than **July 24, 2015**, Defendants NCCI and Ahmed shall deliver a certified or cashier's check or money order, with the words "NCCI-BWs" written thereon, payable to the order of the "Wage & Hour Div., Labor," in the amount of $500,000, towards partial payment of the backwages agreed to be due under this Judgment.

d. Beginning on or before **August 24, 2015,** Defendants NCCI and Ahmed shall make ten equal consecutive monthly payments of $200,000, by certified or cashier's check or money order with the words "NCCI-BWs" written thereon, payable to the order of the "Wage & Hour Div., Labor," towards payment of the backwages agreed to be due under this Judgment.

e. All amounts owed towards payment of the liquidated damages and backwages shall be made by no later than **May 24, 2016**. There is no penalty for early payment.

f. Neither NCCI Logistics nor Khalaf are, nor shall either be liable for any of the amounts stated in this Section 7.

8. In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division ("Wage and Hour"). For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within five (5) calendar days of the due date.

9. Upon receipt of the payments detailed *supra*, the Secretary shall distribute said payments to the persons named in Exhibit A, which will be filed forthwith, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

10. Within thirty (30) calendar days of signing this Consent Judgment, Defendant Ahmed shall provide to the Secretary deeds of trust or other documents constituting a security interest in his personal residences located at: 1640 S. Tenaya Way, Las Vegas, NV 89117; and 28844

Oaks on the Water, Montgomery, TX 77356. Defendant Ahmed shall also provide the most recent available appraisal and mortgage information in his possession or control regarding both residences. Defendant Ahmed represents that the combined unencumbered value of the two residences exceeds $2,000,000. If, in his sole discretion, the Secretary determines that the combined unencumbered value of the two residences is less than $2,000,000, Defendant Ahmed shall provide documents constituting a security interest to additional properties so that the combined unencumbered value of all properties for which he has provided documents constituting a security interest exceeds $2,000,000. The Secretary shall return the documents constituting a security interest to Defendant Ahmed upon satisfaction of the payment requirements totaling $5,000,000, *supra*, by Defendants Ahmed and NCCI.

11. For a time period of one (1) year following entry of this Consent Judgment, Defendant Ahmed shall be required to promote compliance with the FLSA at the direction of the Secretary to courier and food industry trade groups and to professional groups with which Ahmed is affiliated. This compliance promotion by Defendant Ahmed shall include an express acknowledgement that misclassification is unlawful and provides an unfair competitive advantage to employers that engage in it.

12. Upon entry of this Consent Judgment, Defendants NCCI Logistics and Khalaf shall immediately begin the process to classify all Drivers and office staff as employees, with all the provisions and safeguards guaranteed by the FLSA, including payment of minimum wage and overtime, and protection from retaliation. Defendants NCCI Logistics and Khalaf shall ensure that all employees are properly classified as employees by no later than ninety (90) calendar days from entry of this Consent Judgment.

13. Defendants NCCI Logistics and Khalaf shall provide written verification to the Secretary that all Drivers and office staff have been properly classified as employees. Specifically, Defendants NCCI Logistics and Khalaf shall provide pay stubs for all employees to the Secretary for five (5) consecutive pay periods immediately following the expiration of ninety (90) days from entry of this Consent Judgment. When available, Defendants NCCI

Logistics and Khalaf shall also furnish to the Secretary the forms W-2 for Drivers and office staff.

14. Within ten (10) business days of the date of entry of this Consent Judgment, Defendants NCCI Logistics and Khalaf shall provide each of their current employees with a copy of the notice of rights, attached hereto as Exhibit B, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding employees' rights, including protection from retaliation, under the FLSA ("Notice of Rights"). Defendants shall redistribute this Notice of Rights to each employee annually, for a period of three (3) years from the date of entry of this Consent Judgment.

    a. In the event NCCI Logistics is informed in writing by an employee or the Secretary that the native language of any employee of NCCI Logistics is a language other than English, NCCI Logistics shall ensure that the Notice of Rights is properly translated into that language within a week.

    b. NCCI Logistics shall provide a copy of the Notice of Rights to all newly hired employees before or by the date said employee begins performing work for them.

    c. Within ten (10) business days of entry of this Consent Judgment and Order, Defendants Khalaf and NCCI Logistics shall post a copy of Exhibit B in a prominent location at all of their facilities and locations in California, and shall do the same at any future facility within ten (10) business days of it beginning operations. This provision shall remain in effect for three (3) years from entry of this Consent Judgment.

15. Within ten (10) business days of the date of entry of Consent Judgment, Defendants NCCI Logistics and Khalaf shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of their facilities or locations in California, and Defendants shall do the same at any future facility within ten (10) business days of it beginning operations. Copies of said posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

16. Within ten (10) business days of the date of entry of this Consent Judgment, Defendants NCCI Logistics and Khalaf shall implement a recordkeeping, retention, and inspection program as detailed below:

   a. All employees shall record their work time in an accurate and timely manner, whether such recording be made through the use of a time clock, handwritten time records, or by other means ("Time Records"). Work time shall include, but is not necessarily limited to, time spent by individuals: making deliveries or pick-ups on behalf of Defendants, waiting time at Defendants' customers' locations, and waiting for dispatches.

   b. For each work week, Defendants shall sum each employee's Time Records to identify the time worked each day and each workweek per individual. Each pay period, Defendants shall prepare a statement of hours worked by each individual for each day, week and pay period ("Work Hours Summary"). Defendants shall have each individual review his or her Work Hours Summary, write in corrections if necessary, and sign the Work Hours Summary. Each Work Hours Summary shall contain a statement indicating that:

   **"Your Employer must pay you for all hours worked, which includes all time that you are required to be on the Employer's premises and are not free from duties. If you think your Employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."**

   Immediately upon issuance and for three (3) years thereafter, Defendants NCCI Logistics and Khalaf shall maintain copies of all Work Hours Summaries for inspection by the Secretary or any of Defendants' employees at any time.

17. Within four (4) months of the date that Defendants sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour representatives' availability, Defendants NCCI Logistics and Khalaf shall permit representatives from Wage and Hour to conduct training sessions for all employees, to be conducted at Defendants' facilities. Defendants'

employees from all locations and facilities shall be required to attend the training, which shall be compensable time for which employees shall receive pay. Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, and recordkeeping provisions of the FLSA; specific considerations relating to misclassification in the courier industry; and anti-retaliation provisions of the FLSA. Upon a determination by Wage and Hour representatives, said training may be followed by a confidential question and answer session between Wage and Hour representatives and Defendant's employees, during which time Defendants' non-driver employees are not present ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay.

18. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the forthcoming Exhibit A, nor as to any employee named on the forthcoming Exhibit A for any period not specified herein for the back wage recovery provisions.

19. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by such party in connection with any stage of this proceeding including but not limited to attorneys' fees and costs that may be available under the Equal Access to Justice Act.

20. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment for ~~five~~ three years.

**IT IS SO ORDERED.**

Dated: July 15, 2015.

_____
Honorable William Alsup
United States District Judge

*(signature)*

RONALD ARENA
ARENA HOFFMAN LLP
Attorneys for Defendants NCCI and Tanweer Ahmed

Dated: 7/8/15

_____
TANWEER AHMED
Individually and as managing agent for Defendant NCCI

Dated: _____

_____
SULTAN BHATTI
As managing agent for Defendant NCCI

Dated: _____

_____
NINA YABLOK
LAW OFFICE OF NINA YABLOK
Attorneys for Defendants Amira Khalaf and NCCI Logistics

Dated: _____

_____
AMIRA KHALAF
Individually and as managing agent for Defendant NCCI Logistics

Dated: _____

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

_____
BENJAMIN BOTTS
NATALIE NARDECCHIA
ANDREW SCHULTZ
Trial Attorneys
Attorneys for Plaintiff

Dated: _____

|   |   |
|---|---|
| _____<br>RONALD ARENA<br>ARENA HOFFMAN LLP<br>Attorneys for Defendants NCCI and Tanweer Ahmed<br><br>Dated: _____<br><br>*[signature]*<br>_____<br>TANWEER AHMED<br>Individually and as managing agent for Defendant NCCI<br><br>Dated: 07/08/2015 | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>SUSAN SELETSKY<br>Counsel for FLSA<br><br>_____<br>BENJAMIN BOTTS<br>NATALIE NARDECCHIA<br>ANDREW SCHULTZ<br>Trial Attorneys<br>Attorneys for Plaintiff<br><br>Dated: _____ |

_____
SULTAN BHATTI
As managing agent for Defendant NCCI

Dated: _____

_____
NINA YABLOK
LAW OFFICE OF NINA YABLOK
Attorneys for Defendants Amira Khalaf and NCCI Logistics

Dated: _____

_____
AMIRA KHALAF
Individually and as managing agent for Defendant NCCI Logistics

Dated: _____

| | |
|---|---|
| _____<br>RONALD ARENA<br>ARENA HOFFMAN LLP<br>Attorneys for Defendants NCCI and Tanweer Ahmed<br><br>Dated: _____ | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>SUSAN SELETSKY<br>Counsel for FLSA |
| _____<br>TANWEER AHMED<br>Individually and as managing agent for Defendant NCCI<br><br>Dated: _____ | BENJAMIN BOTTS<br>NATALIE NARDECCHIA<br>ANDREW SCHULTZ<br>Trial Attorneys<br>Attorneys for Plaintiff<br><br>Dated: _____ |
| *[signature] for Bhm*<br>_____<br>SULTAN BHATTI<br>As managing agent for Defendant NCCI<br><br>Dated: 7-8-2015 | |
| _____<br>NINA YABLOK<br>LAW OFFICE OF NINA YABLOK<br>Attorneys for Defendants Amira Khalaf and NCCI Logistics<br><br>Dated: _____ | |
| _____<br>AMIRA KHALAF<br>Individually and as managing agent for Defendant NCCI Logistics<br><br>Dated: _____ | |

| | |
|---|---|
| *[signature]*<br>RONALD ARENA<br>ARENA HOFFMAN LLP<br>Attorneys for Defendants NCCI and Tanweer Ahmed<br><br>Dated: 7/6/15 | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>SUSAN SELETSKY<br>Counsel for FLSA |
| _____<br>TANWEER AHMED<br>Individually and as managing agent for Defendant NCCI<br><br>Dated: _____ | BENJAMIN BOTTS<br>NATALIE NARDECCHIA<br>ANDREW SCHULTZ<br>Trial Attorneys<br>Attorneys for Plaintiff<br><br>Dated: _____ |
| _____<br>SULTAN BHATTI<br>As managing agent for Defendant NCCI<br><br>Dated: _____ | |
| *[signature]*<br>NINA YABLOK<br>LAW OFFICE OF NINA YABLOK<br>Attorneys for Defendants Amira Khalaf and NCCI Logistics<br><br>Dated: 7/8/15 | |
| *[signature] Amira Khalaf*<br>AMIRA KHALAF<br>Individually and as managing agent for Defendant NCCI Logistics<br><br>Dated: 7/8/15 | |

[PROPOSED] CONSENT JUDGMENT & ORDER
Case No.: 3:15-cv-1026-WHA

Page 15 of 16

| | |
|---|---|
| _____<br>RONALD ARENA<br>ARENA HOFFMAN LLP<br>Attorneys for Defendants NCCI and Tanweer Ahmed<br><br>Dated: _____ | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>SUSAN SELETSKY<br>Counsel for FLSA<br><br>*/s/ signature*<br><br>BENJAMIN BOTTS<br>NATALIE NARDECCHIA<br>ANDREW SCHULTZ<br>Trial Attorneys<br>Attorneys for Plaintiff<br><br>Dated: July 10, 2015 |
| _____<br>TANWEER AHMED<br>Individually and as managing agent for Defendant NCCI<br><br>Dated: _____ | |
| _____<br>SULTAN BHATTI<br>As managing agent for Defendant NCCI<br><br>Dated: _____ | |
| _____<br>NINA YABLOK<br>LAW OFFICE OF NINA YABLOK<br>Attorneys for Defendants Amira Khalaf and NCCI Logistics<br><br>Dated: _____ | |
| _____<br>AMIRA KHALAF<br>Individually and as managing agent for Defendant NCCI Logistics<br><br>Dated: _____ | |

## Exhibit B

## LEGAL NOTICE TO ALL EMPLOYEES

The United States Department of Labor conducted an investigation of National Consolidated Couriers, Inc. ("NCCI") and has determined that drivers who work on behalf of NCCI ("you"), were misclassified as "independent contractors," and should instead have been treated as "employees" because your work is controlled by NCCI and you are not independent business people.

In a settlement with the United States Department of Labor, NCCI and NCCI Logistics have voluntarily agreed to properly classify all drivers as employees, rather than as independent contractors, to pay the agreed-upon back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA").

The FLSA requires that all employees must be paid minimum wage for all hours worked, including time spent waiting for a dispatch or delivery, as well as overtime wages for hours worked over 40 in a workweek. The FLSA also provides that all employees are protected from retaliation or discrimination. This means that no one from NCCI, including Tanweer Ahmed, and no one from NCCI Logistics, can terminate you, threaten to terminate you, reduce your work or your pay, or in any way retaliate or discriminate against you because you have spoken to anyone at the Department of Labor, testified in this case, or in any way tried to enforce your rights under the FLSA.

**The United States Department of Labor wants to remind you that you may contact the Department if you have any question about your employment situation, such as your classification as an employee (versus independent contractor) and your rights to lawful wages and to be free from retaliation.**

**If you think you are not being paid in accordance with the law, you can call the United States Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

The Department also reminds you that you have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.