IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E PEREZ, Secretary of Labor,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL CONSOLIDATED COURIERS, INC., AND TANWEER AHMED,<br><br>    Defendants. | No. C 15-03224 WHA<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

## INTRODUCTION

In this Fair Labor Standards Act action, defendants move for a preliminary injunction enjoining the United States from conducting a criminal investigation. For the reasons stated below, defendants' motion is **DENIED**.

## STATEMENT

In 2014, the Labor Department began investigating defendant National Consolidated Couriers, Inc. for wage and overtime violations. The instant case began when plaintiff Thomas Perez, the Secretary of Labor, filed a motion for a temporary restraining order after discovering that defendant Tanweer Ahmed, an employee of defendant NCCI, had attempted to destroy documents in the middle of a deposition. The Labor Department's complaint alleged four civil

violations of the Fair Labor Standards Act, relating to minimum wage, overtime, record keeping, and retaliatory violations. After several hearings, the parties settled the case and "resolve[d] all allegations of the Secretary's Complaint" (Dkt. No. 6 at 2).

One day after defendants fully performed under the parties' settlement agreement, and made the final settlement payment, defendants received a document preservation letter from the Office of the Inspector General (an investigatory arm of the Labor Department). Several days later, the United States Attorney's Office sought a search warrant for defendants' computer files as part of a criminal investigation into defendants' destruction of documents, which Magistrate Judge Nandor Vadas issued. One day before the search warrant was to be executed, defendants filed a motion for a TRO to enjoin the OIG and U.S. Attorney's investigation because it allegedly violated defendants' settlement agreement with the Labor Department. An order denied defendants' TRO and set a hearing on the motion for a preliminary injunction (Dkt. No. 12). This order follows full briefing and oral argument.

**ANALYSIS**

Defendants' argument is that the ongoing criminal investigation by the OIG and the U.S. Attorney's Office is barred by res judicata, based on defendants' civil settlement with the Labor Department. "Three elements constitute a successful res judicata defense. Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (footnote and internal quotation marks omitted). As an initial matter, res judicata is an affirmative defense against claims that were or could have been brought up in prior proceedings. Here, there is no second claim or set of claims. There is merely an investigation and thus any res judicata defense is premature.

*Second*, nothing in the parties' settlement bars any future criminal investigation or action by the U.S. Attorney. The agreement explicitly resolved the four FLSA claims made in the Secretary's complaint. The settlement agreement makes no mention of any potential criminal action and says nothing that would prohibit the U.S. Attorney from pursuing such an action. Our court of appeals' decision in *United States v. Hickey*, 367 F.3d 888 (9th Cir. 2004),

is on point. There, the defendant argued that the United States had been estopped from pursuing criminal charges against him based on a previous SEC action that had resulted in a final judgment. In rejecting this argument, our court of appeals stated: "[T]he SEC, the adverse party in the first proceeding, and the United States are not the same party. The SEC brought its action pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934. It was not acting as the federal sovereign vindicating the criminal law of the United States." *Id*. at 893. So too here. Defendants' agreement with the Labor Department in regards to their civil claims was in no way binding on the U.S. Attorney's prerogative to pursue a criminal investigation.

At oral argument, defendants asserted that their settlement agreement with the Labor Department conclusively barred any future criminal investigation. This argument, however, finds no grounding in reality. The agreement with the Labor Department said absolutely nothing about future criminal actions (which the Labor Department has no authority to bring). In defendants' briefing — but not in any sworn declaration — they asserted that the Labor Department and the magistrate judge conducting the settlement conference, Judge Elizabeth Laporte, made some vague promises regarding future criminal action. This assertion, however, is not in the sworn record and the Labor Department's briefing, which contained sworn declarations from representatives who attended the settlement conference, said no such promises were made. It is too late to go back and fix this glaring gap in the record (even assuming it would make a difference).

Also at oral argument, defendants asserted that the criminal investigation should be barred by our court of appeals' decision in *United States v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139 (9th Cir. 2011), which defendants did not cite in their brief. There, the United States sought civil forfeiture against the defendants, but the district court dismissed the action as untimely and entered final judgment against the United States. Then, the United States sought criminal forfeiture of the same property. Our court of appeals held that res judicata barred the subsequent criminal forfeiture action. That decision, however, dealt specifically with criminal and civil forfeiture (where the United States had been a party in both

3

actions). Moreover, *Liquidators* concluded that the privity between the parties factor had been "clearly met." *Id*. at 1151. In our case, defendants and the Labor Department agreed to settle claims regarding defendants' FLSA violations. Now defendants argue that the settlement bars a criminal investigation by the U.S. Attorney on behalf of the United States (a different party) regarding destruction of documents (a different claim). Our situation is thus completely distinguishable from the facts in *Liquidators*.

## CONCLUSION

For the reasons stated above, defendants' motion for a preliminary injunction enjoining the United States from conducting a criminal investigation is **DENIED**.

Defense counsel stated at the hearing that some of the files seized pursuant to the search warrant contain privileged information. This order reaffirms that counsel for the Labor Department shall advise the U.S. Attorney's Office and the OIG that proper steps should be taken to protect this privilege, as counsel promised to do at the hearing. As far as the Court is concerned, there will be no further discovery, briefing, or proceedings related to the present motion. Defendants are free to take an appeal.

**IT IS SO ORDERED.**

Dated: November 23, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4